# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALTON E. FITZGERALD,

Plaintiff,

v.

ARNOLD SCHWARZENEGGER, et al.,

Defendants.

______________________________________/

CASE NO. 1:04-CV-6336-REC-LJO-P

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS

(Doc. 12)

I. Findings and Recommendations Following Screening of Amended Complaint

A. Screening Requirement

Plaintiff Alton E. Fitzgerald ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act). Plaintiff filed this action on September 30, 2004. On February 28, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. On April 18, 2005, plaintiff filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Summary of Plaintiff's Amended Complaint

Plaintiff is an inmate at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California. Plaintiff names California Department of Corrections Director Jeanne S. Woodford, SATF Warden Derral G. Adams, L. M. Bartlett, M. Gonzales, J. Lais, P.C. Gonzales, and Coreno as defendants, and is seeking injunctive relief. Plaintiff alleges that defendants are violated his rights under the ADA, the RA, and the Eighth Amendment.

C. Plaintiff's Claims

1. Legal Standard for ADA and RA Claims

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to

inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

2. Legal Standard for Medical Care Claims

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

3. Claims Against Defendants Bartlett and M. Gonzales

Plaintiff is sixty-one years old and wheelchair-bound with permanent paralysis to the lower extremities and bladder, untreated hepatitis C, developmental disorders, and psychological disorders. (Doc. 16, Amend. Comp., 3:9-13.) On November 25, 2003, at North Kern State Prison, R. McGrath, a counselor, recommended that plaintiff be endorsed to the California Medical Facility. (Amend. Comp., 3:13-16; Exhibit A.) On December 15, 2003, defendant Bartlett cancelled the endorsement. (Amend. Comp., 3:17-18; Exhibit A.) On December 16, 2003, defendant M. Gonzales endorsed plaintiff to SATF. (Amend. Comp., 3:18-19; Exhibit B.)

Plaintiff's allegations do not give rise to any claims for relief against defendants Bartlett and Gonzales under federal law. Plaintiff does not have a constitutionally protected right to be housed at a particular prison, Meachum v. Fano, 427 U.S. 215, 224-25 (1976), and plaintiff has alleged no facts that support a claim that defendants violated plaintiff's rights under the ADA, the RA, or the Eighth Amendment.

4. Claims Against Defendants P. C. Gonzales, Lais, and Coreno

Plaintiff alleges that after he was transferred to SATF, he requested a transfer to the California Institute for Men or the California Medical Facility. (Amend. Comp., 3:19-24.) On April 19, 2004, defendant P. C. Gonzales denied plaintiff's request and informed plaintiff that his case factors would be reconsidered at the annual review, which was scheduled for October 3, 2004. (Id., 3:24-26.) After plaintiff filed this suit, defendant Coreno suspended his annual review and informed him that he would not be able to transfer to either institution without removing himself from the Mental Health Care System. (Id., 3:27-4:6.) After removing himself from the system, plaintiff appeared for his annual review on January 19, 2005, before defendants Lais and Coreno. (Id., 4:17-20.) Defendants would not sign a transfer order for plaintiff and, based on a 1968 conviction, recommended that a violence exclusion be placed in plaintiff's file excluded him from placement in a level facility (minimum security). (Id., 4:20-5:4.)

Plaintiff's allegations do not give rise to any claims for relief against defendants P. C. Gonzales, Lais, or Coreno. Plaintiff does not have a constitutionally protected right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and as previously stated,

plaintiff does not have a constitutionally protected right to be housed at a particular prison. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Plaintiff has alleged no facts that support a claim that defendants violated plaintiff's rights under the ADA, the RA, or the Eighth Amendment.

In addition to failing to state a claim, plaintiff's claims against defendants may not be brought in this suit. Suits brought concerning prison conditions must be exhausted prior to filing suit. 42 U.S.C. 1997e(a); Porter v. Nussle, 435 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff's contention in his complaint that the exhaustion requirement does not apply to ADA claims is incorrect. The exhaustion requirement set forth in section 1997e(a) applies to all prison conditions suits brought under federal law. 42 U.S.C. § 1997e(a).

Plaintiff filed this action on September 30, 2004. The allegations in plaintiff's amended complaint establish that the events involving defendants P. C. Gonzales, Lais, and Coreno occurred after this suit was filed. (Amend. Comp., 3:27-5:4.) Accordingly, even if plaintiff had stated claims against these defendants, those claims could not be brought in this action. McKinney, 311 F.3d at 1199-1201.

5. Claims Against Defendants Adams and Woodford

a. Eighth Amendment Claim

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

With respect to plaintiff's medical care claim, plaintiff's allegation that non-party Dr. Snow discontinued his medication and had him forcibly removed from the facility after he refused the new medication does not give rise to a claim for relief. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Further, even if Dr. Snow's conduct had risen to the level of an Eighth Amendment violation, defendants Woodford and Adams may not be held liable on the basis of their positions. Neither plaintiff's allegations concerning Dr. Snow nor any other allegations in his amended complaint support a claim that defendants Woodford and Adams were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

b. ADA and RA Claims

In this Circuit, the Eleventh Amendment does not bar ADA and RA suits against the state or state officials in their official capacities. Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 791-92 (9th Cir. 2004); Miranda B. v. Kitzhaber, 328 F.3d 1181, 1184-89 (9th Cir. 2003). In light of the minimal notice pleadings standards, the court finds that plaintiff's allegations are sufficient to give rise to cognizable claims against Warden Adams and CDC Director Woodford in their official capacities on the ground that conditions at SATF violated the ADA and RA. Fed. R. Civ. P. 8; Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002).

D. Conclusion

The court finds that plaintiff's amended complaint contains cognizable ADA and RA claims against defendants Adams and Woodford, but does not contain any other claims for relief.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's amended complaint, filed April 18, 2005, against defendants Adams and Woodford on plaintiff's ADA and RA claims;
2. Plaintiff's Eighth Amendment claim against defendants Adams and Woodford be dismissed for failure to state a claim upon which relief may be granted;
3. Plaintiff's Eighth Amendment, ADA, and RA claims against defendants Bartlett, M. Gonzales, P.C. Gonzales, Lais, and Coreno be dismissed for failure to state a claim

upon which relief may be granted; and

4. Defendants Bartlett, M. Gonzales, P.C. Gonzales, Lais, and Coreno be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: September 16, 2005** **/s/ Lawrence J. O'Neill**
b9ed48 UNITED STATES MAGISTRATE JUDGE