UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON E. FITZGERALD, | 1:04-cv-06336-REC-LJO-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 16) |
| vs. | |
| ARNOLD SCHWARZENEGGER, et al., | **ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS** |
| Defendants. | |

Plaintiff Alton E. Fitzgerald ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U.S.C. § 794 (Rehabilitation Act). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On September 19, 2005, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within thirty (30) days. On October 7, 2005, plaintiff filed objections to the Magistrate

1

Judge's Findings and Recommendations, along with a request for judicial notice.[1] On October 13, 2005, plaintiff filed a notice of errata to his objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 19, 2005, is ADOPTED IN FULL;

2. This action shall proceed on plaintiff's amended complaint, filed April 18, 2005, against defendants Adams and Woodford on plaintiff's ADA and RA claims;

3. Plaintiff's Eighth Amendment claim against defendants Adams and Woodford is DISMISSED for failure to state a claim upon which relief may be granted;

4. Plaintiff's Eighth Amendment, ADA, and RA claims against defendants Bartlett, M. Gonzales, P.C. Gonzales, Lais, and Coreno

---

[1] Plaintiff's request for judicial notice is denied. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court will consider plaintiff's exhibits in conjunction with his objections, and judicial notice of the exhibits is not a prerequisite to such consideration. The contents of plaintiff's documentary exhibits are inappropriate subject matter for judicial notice. With respect to the unsigned proposed stipulation in Plata submitted by plaintiff, although the court may take judicial notice of court records, Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981), it may not take judicial notice of "'the truth of the facts therein . . . .'" Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (quoting Southern Cross Overseas Agencies v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426-27 (3rd Cir. 1999)).

2

are DISMISSED for failure to state a claim upon which relief may be granted; and

   5.   Defendants Bartlett, M. Gonzales, P.C. Gonzales, Lais, and Coreno are DISMISSED from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

   IT IS SO ORDERED.

**Dated: November 8, 2005**            /s/ Robert E. Coyle
668554                                 UNITED STATES DISTRICT JUDGE

3