UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON E. FITZGERALD,<br><br>           Plaintiff,<br><br>      v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>           Defendants.<br>                                                        / | CASE NO. 1:04-CV-06336-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED FOR FAILURE TO EXHAUST<br><br>(Doc. 32) |

I.  Defendants' Motion to Dismiss

   A.   Procedural History

Plaintiff Alton E. Fitzgerald ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act) and 29 U. S. C. § 794 (Rehabilitation Act).  This action is proceeding on plaintiff's amended complaint, filed April 18, 2005, against defendants Adams and Woodford ("defendants") for violation of the ADA and the RA.[1]  On June 12, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.  Plaintiff filed an opposition to the motion

---

[1] On November 8, 2005, plaintiff's Eighth Amendment claim against defendants Adams and Woodford, and Eighth Amendment, ADA, and RA claims against defendants Bartlett, M. Gonzales, P.C. Gonzales, Lais, and Coreno were dismissed for failure to state a claim upon which relief may be granted. Further, defendants Bartlett, M. Gonzales, P.C. Gonzales, Lais, and Coreno were dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

1  on August 31, 2006.[2]

2        B.      Exhaustion Requirement

3        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
4  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
5  confined in any jail, prison, or other correctional facility until such administrative remedies as are
6  available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement
7  applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and
8  prisoners must complete the prison's administrative process, regardless of the relief sought by the
9  prisoner and regardless of the relief offered by the process, as long as the administrative process can
10 provide some sort of relief on the complaint stated, Booth v. Churner, 532 U.S. 731, 741 (2001).
11 Exhaustion of the prison's administrative process must occur prior to filing suit.  McKinney v.
12 Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

13       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
14 defense under which defendants have the burden of raising and proving the absence of exhaustion.
15 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial
16 administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion,
17 rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l
18 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In
19 deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look
20 beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court
21 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
22 dismissal without prejudice.  Id.

23       C.      Discussion

24       The California Department of Corrections has an administrative grievance system for
25 prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC
26 Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 11, 2006.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 24.)

1 formal level, second formal level, and third formal level, also known as the "Director's Level." Id.
2 at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed,
3 and the process is initiated by submission of the appeal to the informal level, or in some
4 circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

5 Defendants move for dismissal on the ground that plaintiff made no attempt to exhaust his
6 claims. Defendants submit evidence that plaintiff did not file any inmate appeals at the institution
7 concerning his ADA and RA claims, and never pursued any such appeals to the Director's Level of
8 review. (Def. Ex. 1, Hall Dec., ¶¶ 5-6; Def. Ex. 2, Grannis Dec., ¶9.)

9 Plaintiff's position is that he is not required to exhaust ADA and RA claims.

10 While there may be no exhaustion requirement under Title II of the ADA itself, as plaintiff
11 argues, citing to Bogovich v. Sandoval, 189 F.3d 999, 1002 (9th Cir. 1999), there is an exhaustion
12 requirement set forth in section 1997e(a), which applies to actions concerning prison conditions
13 brought under 42 U.S.C. § 1983 *or any other federal law*. This exhaustion requirement "applies to
14 all prisoners seeking redress for prison circumstances or occurrences," Porter, 534 U.S. at 986, be
15 they "general circumstances or particular episodes . . . ," Id. at 532. The ADA and the RA are
16 federal laws, and plaintiff is a prisoner whose claims for violation of the ADA and RA arise from
17 prison conditions. Accordingly, section 1997e(a) applies to plaintiff's claims and because plaintiff
18 did not exhaust the available administrative remedies with respect to his claims prior to filing suit,
19 this action must be dismissed.

20     D.    Conclusion

21 For the foregoing reasons, the Court finds that plaintiff did not exhaust the available
22 administrative remedies. Accordingly, the Court HEREBY RECOMMENDS that defendants'
23 unenumerated Rule 12(b) motion, filed June 12, 2006, be GRANTED, and this action be dismissed,
24 without prejudice, based on plaintiff's failure to exhaust the available administrative remedies.

25 These Findings and Recommendations will be submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
27 **days** after being served with these Findings and Recommendations, the parties may file written
28 objections with the Court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." The parties are advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  **Dated:    October 16, 2006**              /s/ Lawrence J. O'Neill
   b9ed48                                     UNITED STATES MAGISTRATE JUDGE